No. 27,307.

WILBUR ROSS, *Appellant*, v. THE CITY OF CEDARVALE, *Appellee*.

SYLLABUS BY THE COURT.

1. MUNICIPAL CORPORATIONS—*Authority to Control and Manage Light Plant—Power to Discharge Operating Employee*. In an action by an employee of a city to recover from it for his services in a light plant of the city, it is held that the city council had full control in the management of the plant and of the employment of persons to operate it, and that under the evidence the city council was justified in discharging plaintiff and in employing others to operate the plant.

2. SAME—*Employees—Discharge—Submission of Bid as Recognition of Power*. The submission of a bid by plaintiff for reëmployment under a different system devised by the city for the operation of the plant was a recognition of the right of the city council to end his employment.

3. TRIAL—*Demurrer to Evidence—Propriety Where Uncontested Sum Due—Costs*. The action of the court in sustaining a demurrer to plaintiff's evidence when there was a small and uncontested sum due for services after his contract had terminated, which was credited in the judgment but which had not been paid because of plaintiff's claim that the city could not discontinue his services and was demanding full payment for services after his discharge, is not material error, nor did it require that the costs of the action should be assessed against the defendant.

Appeal from Chautauqua district court, division No. 2; GEORGE J. BENSON, judge. Opinion filed April 9, 1927. Affirmed.

*A. B. Ross*, of Blackwell, Okla., for the appellant.
*Carl Ackarman*, of Sedan, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Wilbur Ross sued the city of Cedarvale to recover for his services in operating a light plant of the city and also for damages for being wrongfully excluded from his position as an

Appeal and Error, 4 C. J. p. 1020 n. 94 new. Costs, 15 C. J. p. 28 n. 87. Municipal Corporations, 28 Cyc. pp. 593 n. 78, 599 n. 17, 603 n. 58.

employee of the city. The court sustained a demurrer to plaintiff's evidence and he appeals.

It appears that plaintiff had been an employee of the city prior to March 24, 1923, when he entered into an agreement with defendant whereby plaintiff was to receive $125 per month until January 1, 1924. The contractual employment expired on the latter date but he continued his services thereafter and was paid the wage of $125 per month up to the first of April, 1924. In February of that year the city determined to change its system and asked for bids for the operation of the plant, and in pursuance of a notice given by the city, Ross and others joined in making a bid in which Ross agreed to do the work for $110 per month. Other bids were received and the bid of another party was accepted on March 19, 1924. Afterwards, and on April 19, the successful bidders went to the plant accompanied by the city marshal and demanded possession and an opportunity to operate the plant, but the plaintiff refused to surrender it, claiming the city had no right to place it in charge of others or to discontinue his service. There was no attempt to oust plaintiff by force, and he continued to operate until September, 1924, and once a month presented a bill for his services in which he asked for $110 per month. The city council refused to recognize him as an employee of the city after the time of the demand, and disallowed the bills presented. He surrendered the control of the plant and left the service of the city on September 15, 1924, and the persons previously employed for the service took charge of the plant. Plaintiff then brought this action asking for $125 per month and damages for discontinuing his services.

The court held against his contention upon a demurrer to his evidence. Unquestionably the city council had control of the plant and had the right to select employees to operate it. Plaintiff had a contract with the city which by its terms terminated on January 1, 1924. The contract for employment was not renewed or extended by the council, and plaintiff recognized the purpose and right of the city to control employment and change employees when he submitted a bid on a different basis for future operation. The city council had paid him for services up to April 1, which was after the letting of the contract to others and after the notice to quit had been served upon him, but he stubbornly held possession of the plant and insisted that the city council could not change its employees. The fact that the officers did not use more robust means to eject

plaintiff from the plant, did not vest him with any new rights as against the city.

It is said that the demurrer should not have been sustained inasmuch as the notice to quit fixed the time at April 19, and that the city thus recognized that his services should be continued until that time. Payment was made as we have seen to April 1, but no payment was made after that time because of the attitude of the plaintiff that the city had no authority to employ others and because of his demand for an indefinite continuance of his employment. He was entitled to compensation up to the time fixed by the notice to quit, but there was no real dispute as to that feature of the case, and this was recognized by the court when it allowed plaintiff judgment for $78.09 for the nineteen days of work in April. That was all the compensation that was due to plaintiff and that he received. Not being a contested question, there is no merit in the objection upon that ground to the sustaining of the demurrer.

As the defendant was successful on the real dispute in the case the awarding of costs against the plaintiff cannot be regarded as material error.

The judgment is affirmed.